**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:19-cv-01692-DDD-STV

SBS FRANCHISING, LLC,

    Plaintiff and Counter Defendant,

v.

CHANNEN SMITH;
CHANNEN COMPANIES, LLC;
ARETE PROPERTY SERVICES, LLC;
CRS HOLDINGS LLC d/b/a STRATUS BUILDING SOLUTIONS;
MARVIN ASHTON;
IOWA BUILDING SOLUTIONS, LLC;
RAUL CUNARRO RODRIGUEZ a/k/a RAUL CUNARRO;
POMAIKAI FRANCHISING, LLC; and
JOE GALLEGOS,

    Defendants and Counter Claimants,

v.

STRATUS BUILDING SOLUTIONS, LLC;
STRATUS BUILDING SOLUTIONS OF ARIZONA, LLC;
SBS SAN DIEGO CHANNEN CO., LLC; and
PHSCCH LLC,

    Intervenor Plaintiffs.

**ORDER GRANTING JOINT MOTION FOR ENTRY
OF STIPULATED PERMANENT INJUNCTION**

Before the Court is the parties' Stipulation and Joint Motion for Approval and Entry of Stipulated Permanent Injunction Order [Doc. 77]. Having considered the motion and applicable law, and having reviewed the proposed permanent injunction, the Court grants the parties' motion.

## BACKGROUND

On June 11, 2019, Plaintiff SBS Franchising, LLC filed its complaint in this case [Doc. 1], and the following day it filed a motion for preliminary injunction [Doc. 5]. Plaintiff alleges that it is a national franchisor that provides commercial cleaning services; that Defendants are "master franchisees" or owners, operators, or key participants in SBS master franchises; and that Defendants have, *inter alia*, wrongfully diverted SBS customers to a competing business, Defendant Arete Property Services, LLC, in violation of their Master Franchise Agreements with SBS. [*See generally* Compl., Doc. 1.] SBS brings claims for breach of contract, trademark infringement, trade secret misappropriation, and other related causes of action. [*Id.* at ¶¶ 117-241.] On July 15, 2019, the parties participated in mediation and agreed to the terms of a stipulated preliminary injunction, which the Court entered on July 18, 2019. [Stipulated Prelim. Inj., Doc. 38.]

On August 26, 2019, the Court granted leave for additional franchisees to intervene as parties; the intervenors bring claims against SBS for breach of contract and declaratory judgment regarding the scope of the Master Franchise Agreements and other agreements. [*See* Order Granting Mot. to Intervene, Doc. 52; Compl. in Intervention, Doc. 53.] On September 4, 2019, Defendants amended their answer to also assert counterclaims against SBS for breach of contract and declaratory judgment regarding the scope of the Master Franchise Agreements and other agreements. [*See* Am. Answer & Countercls., Doc. 56.]

The parties state that they have now reached a settlement agreement that contemplates entry of a stipulated permanent injunction by the Court. [Mot. for Perm. Inj., Doc. 77 at ¶ 4.]

## APPLICABLE LAW

Before entering a consent decree or stipulated permanent injunction, a district court "must ensure that the [parties'] agreement is not illegal, a product of collusion, or against the public interest," and that the agreement "is fair, adequate, and reasonable." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). Any stipulated injunctive relief must serve to resolve a dispute within the court's subject-matter jurisdiction, must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). And, an injunction must comply with Federal Rule of Civil Procedure 65(d). *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). Rule 65(d) requires that every order granting injunctive relief must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(A)-(C).

## DISCUSSION

In this case, all parties are represented by counsel, nothing in the record suggests unfairness in the parties' negotiations, and the terms of the proposed permanent injunction appear to be fair, reasonable, and consistent with the public interest and the objectives of the laws upon which the parties' claims and counterclaims are based.

The proposed permanent injunction largely complies with Rule 65(d). The parties' proposed order, however, attempts to incorporate by reference the definitions of "Master Franchise Agreements" and "Marks" as set forth in Plaintiff's proposed First Amended Complaint.

[*See* Proposed Order, Doc. 77-1 at 1.] As noted above, Rule 65 provides that the acts restrained or required may not be described by reference to the complaint or another document. Fed. R. Civ. P. 65(d)(1)(C). Accordingly, the Court will define the terms "Master Franchise Agreements" and "Marks" explicitly in its permanent injunction order rather than incorporating the definitions by reference.

The parties also request that the Court retain jurisdiction over the subject matter of the permanent injunction for purposes of enforcing the injunction and determining the amount of attorneys' fees to be awarded in the event SBS brings an enforcement proceeding. [Mot. for Perm. Inj., Doc. 77 at ¶ 8; Proposed Order, Doc. 77-1.] The Court need not expressly retain jurisdiction, however, because whenever a court enters an injunction it automatically retains jurisdiction to enforce it. *Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821, 833-34 (4th Cir. 2005) (collecting cases). The Court therefore will not include this proposed provision in its permanent injunction order.

With those two modifications, the Court approves the parties' stipulated permanent injunction, which is entered as set forth below.

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

The parties' Stipulation and Joint Motion for Approval and Entry of Stipulated Permanent Injunction Order [Doc. 77] is GRANTED;

The Stipulated Permanent Injunction set forth below shall supersede the Stipulated Preliminary Injunction entered by the Court on July 18, 2019 [Doc. 38], and that Order is accordingly VACATED;

Pursuant to Local Civil Rule 7.2 and the Court's finding that the presumption of public access to Court documents is outweighed by Plaintiff's interest in maintaining the privacy of its trade secrets, Plaintiff's unopposed Motion to Restrict Public Access to Certain Preliminary Injunction Declaration Exhibits [Doc. 10] is GRANTED, and the Clerk of Court is directed to maintain under Restriction Level 1 the exhibits filed at [Docs. 11, 11-1, 11-2, 11-3, 12, 12-1, 12-2, 12-3, 12-4, 13, 13-1, 13-2, 13-3, and 13-4]; and

Plaintiff SBS Franchising, LLC's Motion to Dismiss Counterclaims and Complaint in Intervention [Doc. 57] and Plaintiff's Motion to Amend Complaint to Add Claims Against Intervenors and Add Supplement Claims Against Existing Defendants [Doc. 58] are DENIED AS MOOT.

## STIPULATED PERMANENT INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, it is ORDERED that:

As used in this Order,

"Master Franchise Agreements" means, collectively, the master franchise agreements that govern the relationships between Plaintiff SBS Franchising, LLC ("SBS") and each master franchisee and their Key Participants (as defined below), including the Defendants and Intervenor Plaintiffs;

As to the master franchisees, "Key Participants" includes, without limitation, all owners and their spouses; all directors or others in similar decision-making or fiduciary capacity, regardless of title; all officers

and managers (including division managers); and all people with supervisory or management positions;

"SBS System" means the Stratus Building Solutions branded SBS master franchise system; and

"Marks" means trademarks associated with the SBS System that are owned by SBS and federally-registered with the United States Patent and Trademark Office, including the following:

a. "STRATUS," Registration Number 5,296,293, registered September 26, 2017;

b. "STRATUS," Registration Number 5,296,290, registered September 26, 2017;

c. "STRATUS BUILDING SOLUTIONS" (and Design), Registration Number 5,441,491, registered April 10, 2018;

d. "STRATUS BUILDING SOLUTIONS" (and Design), Registration Number 5,441,492, registered April 10, 2018; and

e. "STRATUS BUILDING SOLUTIONS," Registration Number 3,230,289, registered April 17, 2007.

1. Except as otherwise specifically provided herein, Channen Companies, LLC, Arete Property Services, LLC, CRS Holdings, LLC d/b/a Stratus Building Solutions, Iowa Building Solutions, LLC, Pomaikai Franchising, LLC, Stratus Building Solutions (of Kansas), LLC, SBS San Diego Channen Co., LLC, PHSCCH LLC, and Stratus Building Solutions of Arizona LLC (each a "Channen Entity" and collectively the "Channen Entities"), and Channen Smith ("Smith") and Marvin Ashton ("Ashton"), Raul Cunarro Rodriguez a/k/a Raul Cunarro ("Cunar-

ro"), and Joe Gallegos ("Gallegos") shall not, during the time periods set forth below in Paragraph 2 of this Order, directly or indirectly, including through current or future affiliates, successors, assigns, related persons, trusts, estate planning vehicles, investment vehicles, entities, benefit corporations, non-profit entities or any other person in active concert with the Channen Entities, Smith and/or Ashton (collectively, the "Related Entities"), for his or their own account, on account of any other person or Related Entity, or as a stockholder, equity-holder, owner, investor, partner, financing source, principal, agent, lender, joint venturer, consultant, employee, officer, director, advisor, trustee, franchisor or franchisee, independent contractor, or otherwise:

   a. divert, solicit, interfere with, misappropriate, take away, or attempt to divert or take away any source of SBS business or revenue, any SBS customer, or SBS unit franchisee relating to any type of commercial cleaning and/or maintenance related services described in Paragraph 1.b hereof or Residential Cleaning Services described in Paragraph 3 hereof;

   b. perform any services for, engage in or acquire, become an employee of, have any financial, beneficial, or equitable interest in, or have any interest whatsoever in any business, besides SBS or an affiliate of SBS, which: (i) performs any type of commercial cleaning and/or maintenance related services including, but not limited to, commercial, industrial, and institutional cleaning services; (ii) is similar to the SBS janitorial, cleaning, and maintenance system and business described in the Master Franchise Agreements, SBS unit franchise agreements, or the SBS operating manual, all as amended or revised from time to time (except as otherwise permitted in this Stipulated Permanent Injunction); or

    (iii) sells, leases, or distributes supplies and equipment related to any of the businesses described in this Stipulated Permanent Injunction;

 c. employ or seek to employ any person who was or is at that time employed by SBS or any of its affiliates, any SBS master franchise, or any SBS unit franchisee;

 d. induce any person to leave his or her employment with SBS or any of its affiliates, any SBS master franchise, or any SBS unit franchisee; or

 e. perform or contribute to any other act injurious or prejudicial to the goodwill associated with SBS or its Marks.

2. For Smith and the Channen Entities, this Stipulated Permanent Injunction shall be effective from the date of entry of this Order until December 1, 2024. For Cunarro, Gallegos, and Ashton the Stipulated Permanent Injunction shall be effective from the date of entry of this Order until December 1, 2021.

3. Notwithstanding the above, the Channen Entities, Smith, Ashton, Cunarro, and Gallegos may offer Residential Cleaning Services, except as may otherwise be provided in any employment agreement with SBS or an affiliate of SBS. "<u>Residential Cleaning Services</u>" shall consist only of residential cleaning services, residential landscaping services, residential snow removal services, residential waste removal services, and residential recycling services at any location requested or purchased by the owner or lessee of a home, apartment, and/or residential dwelling. SBS acknowledges that any Residential Cleaning Services offered by the Channen Entities and Smith will not constitute the diversion of SBS business.

4. The Channen Entities, Smith, Ashton, Cunarro, and Gallegos either directly or through their Related Entities, shall have no contact with, or enter into any agreement with, any SBS customers, SBS master franchisees, and/or SBS unit franchisees during the time periods set forth in Paragraph 2 of this Order relating to any type of commercial cleaning and/or maintenance related services described in Paragraph 1.b hereof or Residential Cleaning Services described in Paragraph 3 hereof. Nothing in this Stipulated Permanent Injunction, however, shall bar Smith from limited, social contact with SBS customers or employees as may occur as a normal course of life's activities, nor shall it bar Cunarro, Gallegos, or Ashton from performing their duties for SBS or its affiliate.

5. The Channen Entities, Smith, Ashton, Cunarro, and Gallegos, for themselves and for each of their Related Entities, and SBS, for itself, consent to the jurisdiction of this Court to enforce the terms of this Stipulated Permanent Injunction for the duration of their respective non-competition and non-solicitation covenants as described in this Stipulated Permanent Injunction.

6. In the event SBS brings a proceeding to enforce the terms of this Stipulated Permanent Injunction, the prevailing party shall be entitled to reasonable attorney's fees incurred.

DATED: November 27, 2019          BY THE COURT:

                                  _____
                                  Hon. Daniel D. Domenico